UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NGOC THACH,

    Plaintiff,

v.                                                     Case No. 4:18-cv-341-MW/MJF

UNITED STATES MARSHALS
(TALLAHASSEE), et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders.[1]

**I.    Background**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against three Defendants: (1) the United States Marshals Service; (2) the State of Florida; and (3) Leon County Sheriff's office. (Doc. 1 at 4). Plaintiff simultaneously filed a motion

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

for leave to proceed *in forma pauperis*. (Doc. 2). Magistrate Judge Gary R. Jones denied Plaintiff's motion and instructed Plaintiff to file an amended motion for leave to proceed *in forma pauperis* or pay $400.00 ($350.00 filing fee and $50.00 administrative fee). (Doc. 4). Judge Jones imposed a deadline of September 28, 2018 for Plaintiff to comply and warned Plaintiff that failure to comply with the court's order likely would result in dismissal. (Doc. 4).

On September 21, 2018, Plaintiff filed an amended motion for leave to proceed *in forma pauperis*. (Doc. 6). On September 27, 2018, the undersigned granted Plaintiff's motion and assessed an initial partial filing fee of $26.60. (Doc. 7). On April 25, 2019, Plaintiff paid the initial partial filing fee.[2] Accordingly, the undersigned screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a)-(b) and 28 U.S.C. § 1915(e)(2)(B). The undersigned noted several deficiencies with Plaintiff's complaint and provided Plaintiff an opportunity to amend his complaint. (Doc. 16). The undersigned provided Plaintiff thirty days to comply with the order and warned Plaintiff that his failure to comply likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim on which relief may be granted. (Doc. 16 at 12).

---

[2] Plaintiff paid the initial partial filing fee only after the undersigned: (1) provided him two extensions of time to comply; (2) issued an order to show cause for failing to comply; and (3) recommended dismissal of this action for failure to pay the initial partial filing fee.

After Plaintiff's time to comply had elapsed, the undersigned issued an order directing Plaintiff to explain why this case should not be dismissed for failure to comply with a court order. (Doc. 17). The undersigned set a deadline of September 26, 2019, for Plaintiff to comply. The undersigned also warned Plaintiff that his failure to comply likely would result in dismissal. As of the date of this report and recommendation, Plaintiff still has not complied with the court's order to amend his complaint and has not responded to the undersigned's order.

## II. Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to comply with two court orders.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (allowing "the Court [to] strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may

dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On July 17, 2019, the undersigned ordered Plaintiff to amend his complaint or file a notice of voluntary dismissal. The undersigned provided Plaintiff thirty days to comply. Thus, Plaintiff has failed to comply with that order since August 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on July 17, 2019; and

    b.    the order issued on August 26, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff two times that failure to comply with the respective orders likely would result in dismissal. (Docs. 16, 17). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is

important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff will ignore future orders directing Plaintiff to comply. Insofar as he is already incarcerated and indigent, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

### III.   Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders.
2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 15th day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.